FILED
2012 Feb-07  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SARAH BLACKMON, as mother and next friend of T.W., a minor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case Number 2:10-CV-3397-SLB** |
| ) | |
| **K A T H E R I N E   T H I R K I L L ;** ) | |
| **B I R M I N G H A M   B O A R D   O F** ) | |
| **EDUCATION,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendants' Motion to Dismiss. (Doc. 4.) Plaintiff Sarah Blackmon, on behalf of minor "T.W.", has sued defendants alleging they violated T.W.'s "Fourteenth Amendment rights" based on an incident of corporal punishment. She also alleges defendant Birmingham Board of Education violated the Rehabilitation Act and the Americans with Disabilities Act [ADA], and she asserts the state-law claims of assault and battery, wantonness, and outrage against defendant Katherine Thirkill. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motion to Dismiss, (doc. 4), is due to be granted in part and denied in part.

**I. MOTION TO DISMISS STANDARD**

Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. The purpose of such a motion, authorized by Rule 12(b)(6) of

the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court assumes the factual allegations in the complaint are true and gives plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Nor is it proper to assume that plaintiff can prove facts it has not alleged or that defendants have violated the law in ways that have not been alleged. *Twombly*, 550 U.S. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.*, 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).[1]

## II.  <u>STATEMENT OF FACTS</u>[2]

Plaintiff's Complaint contains the following facts:

11.  Defendant, Katherine Thirkill, was or is a teacher assigned to one of Barrett Elementary School's second grade classes.

---

[1]The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2]As noted above, the court assumes the factual allegations in the Complaint are true and gives plaintiff the benefit of all reasonable factual inferences. *Hazewood*, 551 F.3d at 1224.

12.  TW is a nine-year-old second grade student at Barrett Elementary with physical and cognitive disabilities that qualify him for special education services and accommodations under the Individuals with Disabilities Education Act (IDEA) and Section 504 of the Rehabilitation Act of 1973.

13.  One of the accommodations required under TW's Section 504 plan was oral administration of all exams.

14.  On or about November 6, 2009, Thirkill administered a test to her second grade class at Barrett Elementary.

15.  The examination administered by Thirkill was not administered orally as required by the 504 plan in place.

16.  At the conclusion of the test, Thirkill determined that TW had answered six of the questions incorrectly.

17.  Upon making this determination, Thirkill called TW to the front of the class, removed her belt, announced that she would beat him for each question he answered incorrectly and then struck TW about his body six times, breaking his skin with the metal buckle.

(Doc. 1 ¶¶ 11-17.)

## III.  DISCUSSION

## A.  FEDERAL CLAIMS

### 1.  § 1983 – Fourteenth Amendment

#### a.  State Agency

Defendants contend that the Birmingham Board of Education is a state agency and, therefore, it is not subject to suit under 42 U.S.C. § 1983.  (Doc. 4 ¶ 4; doc. 5 at 3-4 [citing *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995); *Ex parte*

4

*Bessemer Bd. of Educ.*, Nos. 1041932 and 1050037, 2011 WL 340585 (Ala. Feb. 4, 2011);
*Hutt v. Etowah County Bd. of Educ.*, 454 So. 2d 973, 974 n.2 (Ala. 1984)].)

      The Supreme Court "has construed the word 'person' in § 1983 to exclude States."
*Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 376 (1990).  However, "municipal
corporations and similar governmental entities are 'persons.'"  *Id.* (citing, *inter alia*, *Mt.
Healthy City Bd. of Education v. Doyle*, 429 U.S. 274, 280-81 (1977)). "Local governmental
bodies such as ***school boards*** . . . are persons within the meaning of section 1983 and can be
held accountable for deprivations of federally protected rights."   *Hardy v. Town of
Hayneville*, 50 F. Supp. 2d 1176, 1187 (M.D. Ala. 1999)(citing *Monell v. Department of
Social Servs.*, 436 U.S. 658, 689 (1978)).  The Eleventh Circuit and the old Fifth Circuit have
"rejected claims by local boards of education . . . that they are entitled to Eleventh
Amendment protection."  *Stewart v. Baldwin County Bd. of Educ.*, 908 F.2d 1499, 1510 n.6
(11th Cir. 1990)(citing *Travelers Indemnity Co. v. School Bd. of Dade County*, 666 F.2d 505
(11th Cir. 1982); *Moore v. Tangipahoa Parish School Bd.*, 594 F.2d 489, 493-94 (5th Cir.
1979); *Campbell v. Gadsden County Dist. School Bd.*, 534 F.2d 650, 655-56 (5th Cir. 1976);
*Adams v. Rankin County Bd. of Educ.*, 524 F.2d 928, 929 (5th Cir. 1975)).

      Moreover, the cases cited by defendant hold only that a school board is entitled to
state-agency immunity.  *See Ex parte Bessemer Bd. of Educ.*, 2011 WL 340585 at 4-6
(holding  that  the Board was entitled to § 14 immunity from state-law claims and that the
§ 1983 claim was not before the court on appeal); *Hutt*, 454 So. 2d at  974 n.2 (municipal

board of education enjoys immunity from state tort claims (citing *Enterprise City Board of Education v. Miller*, 348 So. 2d at 783, 784 (Ala. 1977); *Jackson v. City of Florence*, 320 So. 2d 68 (1975))).  The fact that "Alabama state courts provide county boards of education with sovereign immunity in state tort law actions does not require a similar treatment under the Eleventh Amendment."  *Stewart*, 908 F.2d at 1510 n.6.  Indeed, although not binding on this court, the Alabama Supreme Court has held that a local board of education "is . . . not an arm of the State for the purposes of § 1983 liability."  *Ex parte Madison County Bd. of Education*, 1 So. 3d 980, 989-90 (Ala. 2008).

The court finds that the Birmingham Board of Education is a person subject to suit under § 1983.  Therefore, defendants' Motion to Dismiss plaintiff's § 1983 claims against the Board based on its status as a state agency will be denied.

### b.  Sufficiency of the Complaint

Count I of plaintiff's Complaint alleges that Thirkill, in her individual capacity, and the Board violated T.W.'s Fourteenth Amendment rights.  Plaintiff alleges:

> 19.  Thirkill, while acting under color of state law and pursuant to custom, policy or practice of the Board, struck TW about his body several times thereby violating his Fourteenth Amendment rights.

> 20.  Moreover, said beating was unjustified in its inception as there were no reasonable grounds for inflicting said malicious and sadistic beating upon TW as he had not violated any of the rules or policies of the school.

> 21.  The Board failed to train, instruct and/or supervise Thirkill in the proper procedures for instructing children and/or inflicting corporal punishment in the classroom and this failure to train resulted in a violation of TW's Fourteenth Amendment rights.

6

(Doc. 1 ¶¶ 19-21.)

Defendants contend that "the facts alleged fail to assert any action by the defendants that rises to the level of a federal or constitutional violation;" therefore, they argue plaintiff's § 1983/Fourteenth Amendment claim is due to be dismissed.  (Doc. 5 at 1-3.)

In this Circuit, "excessive corporal punishment . . . may be actionable under the Due Process Clause when it is tantamount to arbitrary, egregious, and conscience-shocking behavior."  *Neal ex rel. Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069, 1075 (11th Cir. 2000).  "[A]t a minimum, the plaintiff must allege facts demonstrating that (1) a school official intentionally used an amount of force that was obviously excessive under the circumstances, and (2) the force used presented a reasonably foreseeable risk of serious bodily injury.  *Id.*  Plaintiff's Complaint fails to allege that the amount of force used by Thirkill presented a reasonably foreseeable risk of serious bodily injury.

"Serious bodily injury" is defined as "Serious physical impairment of the human body; esp., bodily injury that creates a substantial risk of death or that causes serious, permanent disfigurement or protracted loss or impairment of the function of any body part or organ." *Black's Law Dictionary* 857 (9th ed. 2009)(citing Model Penal Code § 210.0(3)); *see* 18 U.S.C. § 2246 (4)("the term 'serious bodily injury' means bodily injury that involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious

disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty"); *see also* 18 U.S.C. § 1365 (h)(3).[3]

Plaintiff alleges that Thirkill struck T.W. with her belt six times and the metal belt buckle broke his skin.  (Doc. 1 ¶ 17.)  The court finds that this conduct did not present a reasonably foreseeable risk of serious bodily injury.  *See Neal*, 229 F.3d at 1076 ("We recognize that any time a student is slapped or paddled, whether pursuant to or apart from a school policy, the student may suffer some pain or injury.  But the kind of minor injury suffered by a student during the administration of traditional corporal punishment will rarely, if ever, be the kind of injury that would support a federal due process claim for excessive corporal punishment under the test we adopt today."); *see, e.g.*, *Kirkland ex rel. Jones v. Greene County Bd. of Educ.*, 347 F.3d 903, 904-05 (11th Cir. 2003)(cause of action stated against principal who struck a thirteen-year-old student repeatedly with a metal cane,

---

[3]Pursuant to section 1365(h)(3),

> [T]he term "serious bodily injury" means bodily injury which involves –

(A)  a substantial risk of death;

(B) extreme physical pain;

(C) protracted and obvious disfigurement; or

(D)  protracted loss or impairment of the function of a bodily member, organ, or mental faculty . . . .

18 U.S.C. § 1365(h)(3).

including hitting him in the head); *Neal*, 229 F.3d at 1076 (cause of action stated when plaintiff alleged a coach had "hit [him] in the eye with a metal weight, causing severe injury (indeed, Plaintiff permanently lost the use of his eye)").

Because plaintiff has not alleged conduct that posed a reasonably foreseeable risk of serious bodily injury, defendants' Motion to Dismiss plaintiff's § 1983 claim will be granted.

### 2. Disability Discrimination – Section 504 of the Rehabilitation Act and Title II of the ADA

#### a. Individual Liability

With regard to her ADA claim, plaintiff alleges that "***defendants***" discriminated against T.W., although she purports to assert the ADA claim only against the Board. (*See* doc. 1 at 7.) To the extent plaintiff seeks to hold Thirkill personally liable under the ADA, such claim is due to be dismissed.

> The ADA prohibits disability discrimination in three areas: employment, public services, and public accommodations. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1166 n.5 (11th Cir. 2003). Subchapter I of the ADA, which prohibits discrimination on account of disability in employment, covers the same employers and provides the same remedies contained in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b). *See* 42 U.S.C. §§ 12111-12117. Subchapter II bars discrimination by any state or local government entity (that is, discrimination in public services) and affords the remedies outlined in Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. *See* 42 U.S.C. §§ 12131-12165. Subchapter III prohibits discrimination by public accommodations and incorporates the remedies of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a). *See* 42 U.S.C. §§ 12181-12189. And Subchapter IV sets forth various miscellaneous provisions, including the ADA's anti-retaliation provision, 42 U.S.C. § 12203. *See* 42 U.S.C. §§ 12201-12213.

*Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Plaintiff does not specify the nature of her ADA claim beyond stating that T.W. was physically abused because of his disability.  The court presumes plaintiff's claim is for discrimination in public services.

Section 12132 of the ADA provides, "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  A "public entity" is defined as "(A) any State or local government" or "(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131(1).  This definition does not include individual employees of the public entity.  Therefore, to the extent plaintiff's Complaint alleges a Title II ADA claim against Thirkill, such claim will be dismissed.

### b.  Failure to State a Claim for Relief

Defendants contend, "The factual allegations of the complaint cannot support claims under the Americans With Disabilities Act or the Rehabilitation Act because the allegations fail to establish any causal connection between student T.W.'s disability and any alleged action by the defendants."  (Doc. 4 ¶ 5.)  They argue:

> Plaintiff Sarah Blackmon alleges only a single incident of use of force against T.W., and makes no claim that there were, or that the Board was aware of, prior similar incidents. . . . [N]o reasonable jury could conclude from the facts alleged in this case that the Birmingham Board of Education intentionally discriminated against T.W. on the basis of disability or failed to act upon knowledge of a substantial likelihood of harm to federally projected rights.

(Doc. 5 at 6.)

"Section 202 of the ADA prohibits discrimination against the disabled by public entities; § 504 of the Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding, including private organizations, 29 U.S.C. § 794(b)(3). Both provisions are enforceable through private causes of action." *Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002). "[T]he remedies for violations of § 202 of the ADA and § 504 of the Rehabilitation Act are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. , which prohibits racial discrimination in federally funded programs and activities." *Id*. at 185. "Because punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act." *Id.* at 189.

Therefore, plaintiff's claim for exemplar and punitive damages under her disability discrimination claims will be dismissed.[4]

Also, the Eleventh Circuit "has held that plaintiffs who proceed under a theory of disparate treatment in section 504 actions [of the Rehab Act or actions under Title II of the ADA] must prove intentional discrimination or bad faith in order to recover compensatory damages." *Wood v. President and Trustees of Spring Hill College in City of Mobile*, 978

---

[4]Plaintiff agrees that punitive damages are inappropriate against the Board. (Doc. 8 at 13.)

F.2d 1214, 1219 (11th Cir. 1992)(citing *Georgia State Conference of Branches of NAACP v. Georgia*, 775 F.2d 1403, 1427-28 (11th Cir. 1985)); *see also Saltzman v. Board of Commissioners of North Broward Hospital District*, 239 Fed. Appx. 484, 487 (11th Cir. 2007). The Eleventh Circuit has "not determined whether 'intentional discrimination' should be evaluated under the 'deliberate indifference' standard, or under a more stringent standard, such as 'discriminatory animus.'" *Saltzman*, 239 Fed. Appx. at 487 (citing *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1080-81 (11th Cir. 2007)). In order to recover compensatory damages, the plaintiff must allege that the Board intentionally discriminated against T.W.[5]

---

[5]Relying on dicta in *T.W. ex rel. Wilson v. School Bd. of Seminole County*, 610 F.3d 588, 604 (11th Cir. 2010), plaintiff contends that the Board may be held liable under a *respondeat superior* theory. (Doc. 8 at 5.) The Eleventh Circuit in *T.W.* held:

> Second, we consider whether the School Board is liable for Garrett's misconduct under a theory of respondeat superior. Although this Court has yet to decide whether the Rehabilitation Act permits respondeat superior liability, we have held that its companion statute, the Americans with Disabilities Act, permits an employer to be held liable for the actions of its agents. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996). This Court "rel[ies] on cases construing [the Rehabilitation Act and the Americans with Disabilities Act] interchangeably" because "the same standards govern discrimination claims" under both statutes. *Allmond v. Akal Sec., Inc.*, 558 F.3d 1312, 1316 n.3 (11th Cir. 2009).

*T.W. ex rel. Wilson*, 610 F.3d at 604. The *Mason* decision, cited above, concerned a failure to accommodate by an employer under Title I of the ADA; it was not a Title II case. *See Mason*, 82 F.3d at 1009. The court based its decision, in part, on the definition of an "employer" found in Title I of the ADA. In Title I, a "covered entity" includes an "employer," and an "employer" is defined to include its "agent." 42 U.S.C. § 12111 (5)(A). Title II does not include "agent" in its definition of the "public entity" subject to liability.

Plaintiff's Complaint contains no allegation that the Board intentionally discriminated against T.W.  Moreover, the Complaint does not allege that the Board knew that T.W.'s federally-protected right to be free from disability discrimination was likely to be harmed or violated and it failed to act in light of this knowledge; therefore, she has not alleged that the Board was deliberately indifferent.  *See Saltzman*, 239 Fed. Appx. at 487 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989)).  At most, the Complaint alleges that Thirkill did not act in conformity with T.W.'s  Section 504 plan to give T.W. a test orally, that this failure to follow the Section 504 plan resulted in T.W. giving incorrect answers on a test, and that Thirkill hit T.W. with her belt for each incorrect answer.  Nothing in these allegations demonstrates that the Board intentionally discriminated against T.W.

Therefore, plaintiff's claims for compensatory damages against the Board under her disability discrimination claims will be dismissed.

Defendants ask the court to dismiss plaintiff's request for a declaratory judgment; they contend:

> The factual allegations of the complaint do not establish a sufficient basis for a declaratory judgment.  The alleged facts fail to show a violation, a serious risk of continuing irreparable injury if relief is not granted, nor the absence of an adequate remedy at law.  Furthermore, the complaint fails to state adequately the declaratory relief sought.  The plaintiff's claim for declaratory judgment must therefore be dismissed.

(Doc. 4 ¶ 10.)

---

42 U.S.C. § 12131(1).  The court has found no reported decision under Title II based on *respondeat superior*.

13

"In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)(citing *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982)).

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983); *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991).

> Consistent with the "cases" and "controversies" requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy." *See Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985). Based on the facts alleged, there must be a substantial ***continuing*** controversy between two adverse parties. *Id*. at 1552. "The plaintiff must allege facts from which the ***continuation*** of the dispute may be reasonably inferred. Additionally, the ***continuing*** controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id*. (internal quotations omitted).

> Thus, in order for this Court to have jurisdiction to issue a declaratory judgment, . . . [plaintiff] must assert a reasonable expectation that the injury they have suffered will ***continue*** or will ***be repeated*** in the future. *See Emory*, 756 F.2d at 1552. "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id*.

*Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1346-47 (11th Cir. 1999)(emphasis added). "Injury in the past . . . does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." *Id*. at 1348, *quoted in Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001).

14

Plaintiff's Complaint contains no allegation sufficient to support a finding that T.W. is likely to suffer future discrimination; therefore, plaintiff does not have standing to seek a declaratory judgment. *See Shotz*, 256 F.3d at 1082. Plaintiff's claim for declaratory relief under her disability claims will be dismissed.

Because plaintiff's Complaint does not state a claim for any relief for the alleged disability discrimination, the court pretermits any discussion of whether she has adequately alleged disability discrimination by the Board under either § 504 of the Rehab Act or Title II of the ADA.

Because plaintiff's Complaint fails to state a claim for any relief under her disability discrimination claims, defendants' Motion to Dismiss these claims will be granted.

## B. STATE-LAW CLAIMS

Plaintiff's Complaint contains state-law claims against defendant Thirkill for assault and battery, wantonness, and outrage. (Doc. 1 at 7-8.) Defendant has moved to dismiss these claims on the following grounds:

> 6. The plaintiff's claims under State law fail to give notice of the capacity in which Katherine Thirkill is named as a defendant and those claims are therefore to be construed as claims against the defendant in her official capacity. Because official capacity claims against a State agent are equivalent to claims against the State agency by which the official is employed, the State law claims against Katherine Thirkill are barred by absolute State immunity and must be dismissed.
>
> . . .

8. Punitive damages are not recoverable from State agencies, therefore the punitive damage claims seek relief that is not available and must be dismissed.

9. The factual allegations do not establish conduct within any of the three categories for which the Alabama Supreme Court has recognized claims for the tort of outrage. Those claims must therefore be dismissed.

(Doc. 4 ¶¶ 6, 8-9.)

### 1. Official Capacity Claims

Defendants argue that the state-law claims are asserted against Thirkill in her official capacity, and, therefore, they are barred by absolute State immunity. They contend, "If a plaintiff does not affirmatively plead the capacity in which he is suing state defendants, they will be considered as sued in their official capacities. . . . The plaintiff's state law claims must therefore be construed as against Ms. Thirkill in her official capacity." (Doc. 5 at 7 [quoting *Clemons v. Frassetto*, 132 F.3d 32 (6th Cir. 1997)].) Plaintiff contends that it was her intent to name Thirkill in her individual capacity. (Doc. 8 at 12 n.7.)

The Eleventh Circuit does not follow the Sixth Circuit's rule that the defendant is presumed to be sued in her official capacity only unless otherwise stated. Indeed, in this circuit –

The main concern of a court in determining whether a plaintiff is suing defendants in their official or individual capacity is to ensure the defendants in question receive sufficient notice with respect to the capacity in which they are being sued. In general, plaintiffs have a duty to "make plain who they are suing and to do so well before trial." *Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995). However, plaintiffs are not required to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities, or both. *Hobbs v. Roberts*,

16

> 999 F.2d 1526, 1529-30 (11th Cir. 1993). "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." *Jackson v. Georgia Dep't of Trans.*, 16 F.3d 1573, 1575 (11th Cir. 1994). Thus, while it is "clearly preferable" that a plaintiff state explicitly in what capacity defendants are being sued, "failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001).

*Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1047 (11th Cir. 2008).

The Complaint, together with plaintiff's Opposition to defendants' Motion to Dismiss indicates that plaintiff seeks to impose liability on Thirkill in her individual capacity. Therefore, the court finds that defendants' Motion to Dismiss the state-law claims against Thirkill in her official capacity is due to be denied as moot.

### 2. Punitive damages

Defendants argue that "[p]unitive damages are not recoverable from State agencies, therefore the punitive damage claims seek relief that is not available and must be dismissed." (Doc. 4 ¶ 8.) Plaintiff's state-law claims are asserted against Thirkill in her individual capacity and not against any state agency.

Defendants' Motion to Dismiss plaintiff's claim for punitive damages under her state-law claims will be denied as moot.

### 3. Outrage

Defendants argue that plaintiff's outrage claim is due to be dismissed because her "factual allegations do not establish conduct within any of the three categories for which the Alabama Supreme Court has recognized claims for the tort of outrage." (Doc. 4 ¶ 9.) In

17

Alabama, the tort of outrage or intentional infliction of emotional distress has been limited

to three distinct factual bases:

> (1) wrongful conduct in the family-burial context, *Whitt v. Hulsey*, 519 So. 2d
> 901 (Ala. 1987); (2) barbaric methods employed to coerce an insurance
> settlement, *National Sec. Fire & Cas. Co. v. Bowen*, 447 So. 2d 133 (Ala.
> 1983); and (3) egregious sexual harassment, *Busby v. Truswal Sys. Corp.*, 551
> So. 2d 322 (Ala. 1989).

*Horne v. TGM Associates, L.P.*, 56 So. 3d 615, 631 (Ala. 2010)(quoting *Potts v. Hayes*, 771

So. 2d 462, 465 (Ala. 2000)).

> In order for the Plaintiff to prevail under the tort of outrage, [she] must prove
> the following:  (1) that the Defendant either intended to inflict emotional
> distress, or knew or should of known that emotional distress was likely to
> result from [her] conduct; (2) that the Defendant's conduct was extreme and
> outrageous, and (3) that the Defendant's conduct caused emotional distress so
> severe that no reasonable person could be expected to endure it.  *Callens v.
> Jefferson County Nursing Home*, 769 So. 2d 273, 281 (Ala. 2000). . . . The
> tort of outrage is limited to egregious circumstances.  *Id*.  Therefore, the
> elements of the tort of outrage are only found in rare circumstances.  *Barton
> v. American Red Cross*, 829 F. Supp. 1290 (M.D. Ala. 1993).

*Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1060 (S.D. Ala. 2007).  Conduct is

actionable as "outrage" only when it is "so outrageous in character and so extreme in degree

as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly

intolerable in a civilized society."  *American Road Service Co. v. Inmon*, 394 So. 2d 361, 365

(Ala. 1980).

According to plaintiff's Complaint, Thirkill hit T.W. with her belt six times, breaking

his skin.  Allegedly, Thirkill hit T.W. once for each wrong answer he gave on a test.  This

conduct is not "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."   *Inmon*, 394 So. 2d at 365.   Alabama tolerates some level of corporal punishment.   *See State Dept. of Human Resources v. Funk*, 651 So. 2d 12, 18-19 (Ala. Civ. App. 1994)(quoting *Suits v. Glover*, 71 So. 2d 49, 50 (1954); *Hale v. Pringle*, 562 F. Supp. 598, 600-02 (M.D. Ala. 1983)).

The court finds the allegations of this Complaint are insufficient, as a matter of law, to state a claim for outrage.   Therefore, defendants' Motions to Dismiss will be granted; plaintiff's claim for outrage will be dismissed.

## C.  REMAINING CLAIMS

For the reasons set forth above, plaintiff's federal claims have been dismissed, leaving only state-law claims of assault and battery and wantonness.   Section 1367(c)(3) provides, "The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."   28 U.S.C. § 1367(c)(3).   "Because no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005)(citing 28 U.S.C. § 1367(c); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir.2002)).  *see also Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353

19

(11th Cir. 1997).[6]  Indeed, "if the federal claims are dismissed prior to trial,[the Supreme Court] strongly encourages or even requires dismissal of state claims." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)(quoting *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)(citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The court declines to exercise jurisdiction over plaintiff's remaining claims. Therefore, the court will dismiss, without prejudice, plaintiff's remaining state-law claims.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendants' Motion to Dismiss plaintiff's claims for punitive and compensatory damages under state law and to dismiss her § 1983 claim against the Board based on its status as a state agency will be denied and their Motion to Dismiss plaintiffs' § 1983 claim, her Rehabilitation Act claim,

---

[6]The *Baggett* court held:

> Resolution of Plaintiffs' state law claims depends on determinations of state law.  State courts, not federal courts, should be the final arbiters of state law.  When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), this Court finds that the state law claims remaining in this action are best resolved by the Georgia courts.  This is especially true here where the Court is dismissing Plaintiffs' federal law claim prior to trial.  The Court finds that judicial economy, fairness, convenience, and comity dictate having these state law claims decided by the state courts.

*Baggett*, 117 F.3d at 1353 (citing, *inter alia*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Eubanks v. Gerwen*, 40 F.3d 1157 (11th Cir.1994)).

her Americans with Disabilities claim, and her outrage claim will be granted.  Plaintiff's

remaining state-law claims – assault and battery and wantonness – will be dismissed pursuant

to 28 U.S.C. § 1367(c)(3).  An Order granting in part and denying in part defendants' Motion

to Dismiss and dismissing plaintiff's claims will be entered contemporaneously with this

Memorandum Opinion.

      **DONE**, this 7th day of February, 2012.


SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE